IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

S.H. and all others similarly
situated, et al.,                    :

    Plaintiffs,                      :

  v.                                   :       Case No. 2:04-cv-1206

Bob Taft, et al.,                    :       Magistrate Judge Kemp

    Defendants.                      :

OPINION AND ORDER

    This matter is before the Court on a motion to lift stay (doc. #46), motion to amend complaint (doc. #46) and motion to certify a class of plaintiffs pursuant to Fed.R.Civ.P. 23 (doc. #6).  The case has been referred to the Magistrate Judge for full disposition under 28 U.S.C. § 636(c).  For the following reasons, all the motions will be granted.

I.

    This class action lawsuit was initiated by female inmates housed in the Scioto Juvenile Correctional Facility ("Scioto"). The named plaintiffs moved for class certification on January 19, 2005.  That motion was denied without prejudice.

    On July 29, 2005, the case was stayed pending settlement negotiations.  Those negotiations were not successful. Consequently, the named plaintiffs moved to lift the stay and amend the complaint to include in the class all persons who are or will be committed to the legal custody of the Ohio Department of Youth Services.  (Joint Notice of filing The Parties' Proposed Class Certification Order (doc. #66), Ex. 2).  The motions to lift the stay and to amend the class action complaint are unopposed.

(Defendants' Response to Plaintiffs' Motion to Lift Stay and Amend Complaint (doc. #60)) and are therefore granted.

On June 25, 2007, both the named plaintiffs and the defendants filed a "Joint Notice of filing The Parties' Proposed Class Certification Order" (doc. #66), indicating that both parties agree that class certification is appropriate. The Court interprets this notice to be a renewal of the original class certification motion.

II.

Although Rule 23(a) requirements are procedural, not jurisdictional, in nature, a party must satisfy the requisite criteria before class certification can be granted. In order for class certification to be granted, the Court must analyze any request to certify a class in light of the four factors outlined in Rule 23. See, e.g., Equal Opp. Comm. v. Whirlpool, 80 F.R.D. 10, 14 (N.D.Ind.1978) (citing Katz v. Carte Blanche Corp., 496 F.2d 747, 757 (3d Cir.1974))("The Rule 23 prerequisites are mandatory"); Charal v. Andes, 81 F.R.D. 99, 100 (E.D.Pa.1979)(citing Wetzel v. Liberty Mutual Ins. Co., 508 F.2d 239, 246 (3d Cir.1975))("The satisfaction of each of these requirements is mandatory and may not be waived"). Put simply, parties cannot consent to Rule 23 certification. Rather, the Court may certify the proposed class only if it concludes, based on the record before the Court, that the four factors stated in Rule 23 are satisfied.

Rule 23(a) states:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

These four requirements are known as numerosity, commonality,

typicality, and adequacy of representation.

A district court is required to conduct a "rigorous analysis" into whether the prerequisites of Rule 23 are satisfied before certifying a class. General Tel. Co. v. Falcon, 457 U.S. 147, 161 (1982). While a district court has broad discretion on whether to certify a class that determination must be made within the confines of Rule 23. See Gulf Oil Co. v. Bernard, 452 U.S. 89, 100 (1981)(district court bound by Federal Rules).

A class is not maintainable as a class action merely because it is designated as such in the pleadings. In re American Medical Systems, Inc., 75 F.3d 1069, 1079 (6th Cir.1996). Although a hearing prior to class certification is not always required, "it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." Id. (citing Falcon, 457 U.S. at 160). As the Court of Appeals has stated:

> Mere repetition of the language of Rule 23(a) is not sufficient. There must be an adequate statement of the basic facts to indicate that each requirement of the rule is fulfilled. Maintainability may be determined by the court on the basis of the pleadings, if sufficient facts are set forth, but ordinarily the determination should be predicated on more information than the pleadings will provide.

Weathers v. Peters Realty Corp., 499 F.2d 1197, 1200 (6th Cir.1974)(citation omitted).

According to the amended complaint, which the Court, in this order, is granting leave to be filed, the proposed class consists of

> [a]ll persons who are or who will be committed to the legal custody of the Department of Youth Services (DYS) and housed in one of its facilities at Circleville Juvenile Correctional Facility, Cuyahoga Hills Juvenile Correctional Facility, Freedom Center, Indian River Juvenile Correctional Facility, Marion Juvenile Correctional Facility, Mohican

>            Juvenile Correctional Facility, Ohio River
>            Valley Juvenile Correctional Facility, Scioto
>            Juvenile Correctional Facility, or housed in
>            the private facility the Lighthouse Youth
>            Center, Paint Creek (collectively the DYS
>            facilities).

(Joint Notice of filing The Parties' Proposed Class Certification Order (doc. #66), Ex. 2). Because the named plaintiffs did not file additional evidence to support their motion for class certification, see Falcon, 457 U.S. at 161 (party seeking the class certification bears the burden of proof), the Court will analyze the amended complaint to see if sufficient facts are set forth to allow the Court to certify a class.

### A. Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." There is no strict numerical test for determining the impracticability of joinder. American Medical Systems, 75 F.3d at 1079. Instead, the numerosity requirement varies depending on the specific facts of each case. Id. Additionally, when the class size reaches substantial numbers, the impracticability requirement is usually satisfied based on numbers alone. Id. (citing 1 Herbert B. Newberg & Alba Conte, Newberg on Class Actions, § 3.05, at 3-26).

The amended complaint indicates that as many as 1800 youths are confined to a DYS facility on any given day. This does not include any future potential juveniles who would or could be subjected to the alleged constitutional violations detailed in the complaint. The Court concludes that this number is so large that joinder of all juveniles at DYS facilities is impracticable.

### B. Commonality

Rule 23(a)(2) requires that there be "questions of law or fact common to the class" before certification can be granted. The commonality test is qualitative, rather than quantitative, in

nature, meaning that there needs to be only one single issue common to all class members. Id. at 1080 (citing 1 Newberg on Class Actions, § 3.10, at 3-50).

In the instant case, the named plaintiffs claim that the alleged illegal policies, conditions and practices at DYS facilities in Ohio are consistently applied to all persons housed within the correctional system. Because all proposed class members are subjected to these systemwide polices, conditions and practices which are alleged in the amended complaint, and which include excessive use of force, excessive use of isolation and seclusion, excessive discipline, violation of privacy, inadequate medical treatment, inadequate healthcare, inadequate educational services, inadequate programming, inadequately trained prison personnel, failure to protect from harm and failure to provide an adequate grievance system, the Court concludes that there are questions of law common to all members of the proposed class and, very likely, common questions of fact as well.

### C. Typicality

Rule 23(a)(3) states that "claims or defenses of the representative parties [be] typical of the claims or defenses of the class. The Court of Appeals indicated that

> [t]ypicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct. In other words, when such a relationship is shown, a plaintiff's injury arises from or is directly related to a wrong to a class, and that wrong includes the wrong to the plaintiff. Thus, a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.

5

> \*\*\*
>
> A necessary consequence of the typicality requirement is that the representative's interests will be aligned with those of the represented group, and in pursuing his own claims, the named plaintiff will also advance the interests of the class members.

Id. at 1082 (citing 1 Newberg on Class Actions, § 3.13, at 3-75 and 3-76(footnote omitted)).

Here, because the named plaintiffs are seeking systematic changes to the alleged unconstitutional and illegal policies, conditions and practices at DYS, the Court concludes that the named plaintiffs' interests are aligned with those of the proposed class. Moreover, the named plaintiffs' pursuit of claims against the defendants advances the interests of all the purported class members.

### D. Adequacy of Representation

Rule 23(a)(4) permits certification only if "the representative parties will fairly and adequately protect the interests of the class. The Court of Appeals annunciated two criteria in determining adequacy of representation: "1) the representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." Senter v. General Motors Corp., 532 F.2d 511, 525 (6th Cir.1976).

The amended complaint states, in relevant part, that

> [t]he named Plaintiffs will fairly and adequately represent the interests of the class. These plaintiffs possess the requisite personal interest in the subject matter of the lawsuit. They are represented by counsel experienced in class action litigation on behalf of children involving conditions of confinement. Alphonse A. Gerhardstein is currently lead class counsel on three pending

>class actions and has previously served as class counsel on many civil rights and criminal justice class actions during his thirty year career. The Youth Law Center has litigated on behalf of children confined under abusive and illegal conditions of confinement in federal court in eighteen states over the past twenty-six years. The Children's Law Center has extensive litigation experience in federal and state court on behalf of children. Similarly, Jennifer Kinsley and the firm of Sirkin, Pinales, and Schwartz LLP has extensive experiences in civil rights litigation, including class action litigation of [sic] behalf of incarcerated juveniles. Finally, the Ohio Justice & Policy Center has also litigated federal class actions relating to conditions of confinement and other civil rights issues arising in state institutions.

(Motion to Lift Stay and Amend Compl. (doc. #46), Ex. 1 at ¶ 19).

Based on this statement in the amended complaint, the Court concludes that the named plaintiffs have common interests with the unnamed members of the class. Specifically, the named class members are recent or current juveniles that have been subjected to the alleged unconstitutional and illegal DYS practices. Additionally, the Court concludes that the named plaintiffs will vigorously prosecute the interests of the class because the named plaintiffs have a significant interest in eliminating any potential illegal and unconstitutional DYS practice that the named plaintiffs themselves may be subjected to on a reoccurring basis. Finally, based on the experiences of the attorneys representing the class, it appears that the class's legal representation is sufficient.

### E. Rule 23(b)

Rule 23 requires not only that the four prerequisites of Rule 23(a) be met, but it also requires that Rule 23(b) be satisfied as well. That rule states, in relevant part:

>An action may be maintained as a class action if the prerequisites of subdivision (a) are

> satisfied, and in addition ... the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

Fed.R.Civ.P. 23(b)(2).

Because the plaintiffs seek solely injunctive relief directed to alleged systematic unconstitutional and illegal DYS practices, conditions and policies, the Court concludes that Rule 23(b)(2) certification is appropriate.

### III.

Based on the foregoing, the unopposed motions to lift stay and amend complaint (doc. #46) and the unopposed motion for class certification (doc. #6 as renewed by #66) are granted. The Clerk shall detach and file the amended complaint attached to doc. #46. Further, the Court certifies a class in this case under Fed.R.Civ.P. 23(b)(2) which consists of the following:

> [a]ll persons who are or who will be committed to the legal custody of the Department of Youth Services (DYS) and housed in one of its facilities at Circleville Juvenile Correctional Facility, Cuyahoga Hills Juvenile Correctional Facility, Freedom Center, Indian River Juvenile Correctional Facility, Marion Juvenile Correctional Facility, Mohican Juvenile Correctional Facility, Ohio River Valley Juvenile Correctional Facility, Scioto Juvenile Correctional Facility, or housed in the private facility the Lighthouse Youth Center, Paint Creek (collectively the DYS facilities).

/s/ Terence P. Kemp
United States Magistrate Judge