IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO:<br>) 2:08-cv-475 |
| THE STATE OF OHIO, *et al.*, | ) ) |
| Defendants. | ) JUDGE ALGENON L. MARBLEY<br>) ) |
| S.H., and all other similarly situated,<br>*et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO:<br>) 2:04-cv-1206 |
| TOM STICKRATH, | ) |
| Defendant. | ) JUDGE ALGENON L. MARBLEY<br>) ) |

### Proposed Modifications to the Stipulation for Injunctive Relief in U.S.A. v. Ohio

In response to the resignation by Fred Cohen as Monitor in the *USA v. Ohio* case, (*See* Doc. 143-1), the United States, through the Department of Justice ("DoJ"), the State of Ohio, through the Department of Youth Services ("DYS" or "the State"), and the Plaintiffs in the *S.H. v. Stickrath* litigation (collectively, "The Parties") agree to the following changes to the Stipulation for Injunctive Relief in the instant case, (Doc. 8). That Stipulation now addresses conditions of confinement at only one juvenile facility in Ohio, namely the Scioto Juvenile Correctional Facility because the Marion Juvenile Correctional Facility has been closed by the State of Ohio.

### V. Monitoring

The following language replaces the original Sections V.A. and V.B. of the instant Stipulation.

### A. Monitor and Consultant Selection, Reporting and Removal

1. By their original terms, the instant Stipulation for Injunctive Relief ("Stipulation") and the agreement in the *S.H. v. Stickrath* class action ("S.H. litigation") (*See* Docs. 92-4 and 108 therein) fashioned a unitary monitoring system. Specifically, Fred Cohen has been the sole monitor in both this case and in the *S.H.* litigation. However, on September 24, 2009, Fred Cohen submitted his resignation as the Monitor in *U.S.A. v. Ohio*. In response, the United States, through the Department of Justice ("DoJ"), the State of Ohio through the Department of Youth Services ("DYS" or "the State"), and the Plaintiffs in the *S.H. v. Stickrath* litigation intend to establish a separate monitoring system in *U.S.A. v. Ohio* which neither interferes nor conflicts with the monitoring system in the *S.H.* litigation.

2. Effective immediately, the United States shall serve as the Monitor in *USA v. Ohio*, using Dr. Kelly Dedel as its lead expert consultant. A copy of Dr. Dedel's curriculum vitae is attached as Exhibit A hereto.

    2.1 The Monitor and any consultants selected to assist in monitoring remediation efforts shall coordinate their monitoring activities in this matter with the State to minimize conflicting schedules or other undue burdens on the State. As such, absent exigent circumstances, no site visits by the two sets of Monitors or their respective consultants or subject matter experts should be scheduled so as to occur on the same day or near in time to one another, unless the State consents to such scheduling.

    2.2 Dr. Dedel will conduct monitoring activities pertaining to Sections III. A and III.D-G of this Stipulation (Protection from Harm, Grievance Process, Special Education, Programming, and Documentation, respectively). Dr. Dedel will coordinate preparation of all reports required under Section VI of this Stipulation.

    2.3 A mental health consultant, agreed to by DoJ and DYS, will assist the Monitor as a consultant to oversee monitoring activities pertaining to Section III.B (Mental Health) of this Stipulation. The agreed mental health consultant will provide substantive information to the Monitor to complete the reports required under Section VI of this Stipulation as to mental health terms set forth in the instant Stipulation (Doc. 8).

    2.4 DoJ and DYS agree that the need for a consultant for general medical care under Section III.C (general medical care) of the Stipulation will be assessed as follows.

        2.4.1 All available files, documents, and data that the State has conveyed to date to or for Dr. Ronald Shansky, M.D., Dr. Donald T. Sauter, or

        Dr. Nick Makrides, shall be conveyed to the lead expert consultant by the State, along with any reports that Dr. Shansky, Dr. Donald T. Sauter, or Dr. Nick Makrides, has prepared.

    2.4.2  Such files, documents and data shall be conveyed within thirty (30) days of the Court's acceptance of these modifications to this Stipulation.

    2.4.3  The lead expert consultant may select a qualified medical consultant, who is familiar with the delivery of medical care in a correctional setting, to conduct this review.

    2.4.4  Within two (2) months of receiving the documents and data referenced above, the lead expert consultant shall prepare a report that concludes whether any additional monitoring activity for the area of general medical care is required at all, given the work to date by Dr. Shansky, and the ongoing monitoring efforts in the *S.H.* litigation. If the Monitor also concludes that additional monitoring is needed as to general medical at Scioto Juvenile Correctional Facility, the Monitor must prepare a report to that effect.

    2.4.5  In the Monitor's report regarding additional monitoring efforts needed as to general medical care, the Monitor must specifically identify the discrete areas under the Stipulation in this case that require additional monitoring. The report also must state why such additional monitoring is required. The Monitor's report as to such additional monitoring efforts must be supported by the findings of the lead expert consultant and any other consultant relied upon by the lead expert consultant to conclude additional monitoring activities are needed.

    2.4.6  As to any discrete area of general medical so identified by the Monitor in paragraph 2.4.5, DoJ and DYS will confer to identify a consultant to work with the Monitor on all of the discretely identified areas of general medical care that need additional monitoring.

3. All Monitor and Consultant Reports shall be provided to DoJ, DYS and counsel for the Plaintiff class in the *S.H.* litigation in draft form for comment at least two weeks prior to their issuance. These reports shall be written with due regard for the privacy interests of individual youth and staff and the interest of the State in protecting against disclosure of non-public information.

4. Upon one of three grounds, the Monitor or any consultant assisting the Monitor may be removed from their respective positions on the monitoring team.

    4.1  The Monitor or any consultant may be terminated from their duties as Monitor or consultant for good cause, either by prior notice to such Monitor or consultant and the stipulation of DoJ and DYS or by order of the Court pursuant to a motion filed by DoJ and DYS.

4.2. If DYS determines in good faith that the monitoring process has become unduly burdensome, then DYS may give written notice to DoJ and to Plaintiffs in the *S.H. v. Stickrath* litigation of such undue burden being imposed by either the Monitor or consultant.

4.2.1 Such Monitor or consultant shall have thirty (30) days to correct any such undue burdens. If, after such time, DYS concludes that undue burden on the monitoring process has not been alleviated, then it may notify DoJ, and the Plaintiffs in the *S.H. v. Stickrath* litigation and the pertinent Monitor or consultant that their services in this matter have ended.

4.2.2. After the removal of a consultant pursuant to the preceding paragraph, DoJ and DYS shall agree upon a replacement for the consultant. They shall agree within thirty (30) days, or more if agreed to by both DoJ and DYS. If no replacement can be agreed upon, then the procedures in paragraph 5 below will apply, except that only DoJ and DYS will select the replacement for the consultant.

4.3. If either DYS or the class Plaintiffs in the *S.H.* litigation determine in good faith that the monitoring process in this case has resulted in conflicting standards for DYS to attain constitutional conditions of confinement, then either such party may seek a court order in this case to remove the Monitor or any consultant selected by the Monitor. The reasonably supported results of any monitoring report may not constitute good faith grounds to seek the removal of a Monitor or a consultant to the Monitor.

4.4. If any consultant resigns, then DoJ and DYS must confer to name a replacement. They shall name a replacement within thirty (30) days, or more if both DoJ and DYS agree. If no replacement can be agreed upon, then DoJ and DYS each will submit two names, along with resumes and cost proposals, to the Court.

5. Should the position of Monitor become vacant after the implementation of these modifications to the Stipulation in this case, DoJ, DYS, and the Plaintiffs in the *S.H.* Litigation shall confer regarding the selection of a new Monitor. If they are all unable to agree within thirty (30) days of the vacancy occurring, they each will submit two names, along with resumes and cost proposals, to the Court. A vacancy occurs upon the removal by notice of the Monitor, as set forth above, by Court order, or upon the Court's acceptance of a written letter of resignation from the Monitor.

6. Subject to the terms in paragraphs 2.4 (to include paragraphs 2.4.1 to 2.4.6.) and 4, DoJ, DYS, and the Plaintiffs in the *S.H. v. Stickrath* litigation agree that no other Monitors or consultants will be used to conduct monitoring activities. This does not bar either the Monitor or any approved consultant from retaining a sub-expert for additional input. However, the State has no obligation to permit such sub-experts to tour any facilities subject to this Stipulation. Further, the State has no obligation to respond to any request for documents, files, or data of any kind from such sub-expert.

4

**B.     Cost of monitoring.** Only for as long as it functions as the Monitor, DoJ will bear the costs of the Monitor and any consultants or sub-experts retained to assist with monitoring activities.

### VII.    Implementation, Enforcement, and Termination

**D.     Enforcement and Dispute Resolution.** Any dispute regarding the terms or implementation of this Agreement, or the Monitor's compliance determinations, shall be resolved pursuant to VII.D of the Stipulation in *U.S.A. v. Ohio* (Doc 8), specifying that DoJ and DYS shall use the dispute resolution mechanism in the *S.H.* litigation, (Para 256 of Docs. 92-4 and 108 in that case) to resolve the dispute. The Plaintiff class in the *S.H.* litigation may be a party to any such dispute solely for the purpose of protecting the interests involving the *S.H.* class.

### VIII.   Miscellaneous

**A.     Non-waiver of legal rights.** Notwithstanding the modifications set forth above to the instant Stipulation, (Doc. 8), none of the Parties has waived any right to assert at a later time any remedy for relief or modification to the instant Stipulation, (Doc. 8), that could have been otherwise asserted, absent the ability to reach the agreement reflected within this set of modifications to that Stipulation.

**B.     No further modifications.** DoJ, DYS, and the Plaintiffs in the *S.H. v. Stickrath* litigation agree that no other terms in the instant Stipulation for Injunctive Relief, (Doc. 8), are being altered by this modification.

IT IS SO STIPULATED AND AGREED.

FOR THE UNITED STATES:                    Date: November 23, 2009

| | |
|---|---|
| Carter M. Stewart | Thomas E. Perez |
| United States Attorney | Assistant Attorney General |
| Southern District of Ohio | Civil Rights Division |
| 303 Marconi Boulevard | |
| Suite 200 | Shanetta Y. Cutlar |
| Columbus, OH 43215 | Chief |
| Telephone: (614) 469-5715 | |
| | s/ Benjamin O. Tayloe, Jr. |
| Mark T. D'Alessandro | BENJAMIN O. TAYLOE, JR. |
| Assistant United States Attorney | Special Counsel |
| Southern District of Ohio | Silvia J. Dominguez |
| 303 Marconi Boulevard | Vincent P. Herman |
| Suite 200 | Trial Attorneys |
| Columbus, OH 43215 | Special Litigation Section |
| Telephone: (614) 469-5715 | Civil Rights Division |
| Facsimile: (614) 469-5240 | U.S. Department of Justice |
| Email: Mark.Dalessandro@usdoj.gov | 950 Pennsylvania Avenue, NW |
| | Washington, DC 20530 |

Telephone: (202) 514-8103
Facsimile: (202) 514-4883
Email: Benjamin.Tayloe@usdoj.gov
Attorneys for Plaintiff

FOR THE STATE:                                              Date: November 23, 2009

RICHARD CORDRAY
Ohio Attorney General

s/ J. Eric Holloway
J. ERIC HOLLOWAY (0063857)
Assistant Attorney General
Criminal Justice Section
Ohio Attorney General Richard Cordray
150 East Gay Street, Suite 1600
Columbus, OH 43215
(614)-644-7233; Fax: (866) 459-6675
Email: Eric.Holloway@OhioAttorneyGeneral.gov


FOR THE PLAINTIFFS IN *S.H. V. STICKRATH*

s/ Alphonse A. Gerhardstein                                  Date: November 23, 2009
ALPHONSE ADAM GERHARDSTEIN
Gerhardstein & Branch Co. LPA
617 Vine Street #1409
Cincinnati, OH 45202
(513)-621-9100
Fax: (513)-345-5543
Email: agerhardstein@GBfirm.com


WHEREFORE, for good cause shown, it is SO ORDERED.

ALGENON L. MARBLEY
United States District Judge