IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **United States of America,** | : | |
| **Plaintiff,** | : | **Case No. 2:08-cv-475** |
| -vs- | : | **Judge Algenon L. Marbley** |
| **The State of Ohio,** *et al.*, | : | |
| **Defendants.** | : | |
| **S.H., and all others similarly situated,** *et al.*, | : : | |
| **Plaintiffs,** | : | **Case No. 2:04-cv-01206** |
| -vs- | : | **Judge Algenon L. Marbley** |
| **Tom Stickrath,** | : | **Chief Magistrate Judge Kemp** |
| **Defendant.** | : | |

**Protective Order for the Protection of Confidential Information**

Upon oral motion submitted at a status conference on June 22, 2010, and pursuant to Defendants' written motion subsequently filed, it is ordered that the following Protective Order issue and apply in this matter.

**I.     Background and Justification for Protective Order**

In this matter, a show cause hearing has been scheduled to take place in July 2010, with the exact date to be set at a later time. (*See* Doc. 179, Order, p. 1.) Prior to that show cause hearing, Defendants must produce certain documents. (Doc. 180, June 14, 2010, Order, p. 1-2.) ("Order of Production")

In response to Defendants' requests for clarifications to the Court's Order of Production, the Court convened a status conference on June 22, 2010. At that time, counsel for Defendants asked to limit the scope of the Court's Order of Production and to issue a protective order. The Court inquired whether counsel for the Plaintiffs in both *S.H. v. Stickrath* and *United States of America v. The State of Ohio* (collectively, "these actions") had any concerns or disagreements. Undersigned counsel for Defendants recalls no objections as to the concept of having a protective order issued to apply to any documents produced in response to the Order of Production (*see* Doc. 180).

As requested by Defendants, the protective order is to provide several forms of protections. It is to:

> 1. Protect the identities of any youths named in any responsive document, permitting the production of such documents to the Court for *in camera* review as well as unredacted production of such documents to counsel for the Plaintiffs in both cases before the Court;
>
> 2. Preserve and not waive (i) the attorney-client privilege between Defendants and its counsel of record and in-house counsel and (ii) the work product doctrine as to any records or documents produced in response to the Order of Production and as otherwise discussed below;
>
> 3. Preserve and not waive any other applicable privilege or protection as to any records or documents produced in response to the Order of Production and as otherwise discussed below;
>
> 4. Provide a "claw back" provision to recover any documents that might otherwise waive any attorney-client or attorney work product protections; and
>
> 5. Apply the indicated protections to the exchange of unredacted copies of the housing unit logs and point of service

>records as filed by Defendants in April 2010 (*See* Doc. 175, Defendants' Notice of Manually Filing.)

This Protective Order shall apply to all documents produced pursuant to the Court's Order issued on June 14, 2010, Doc. 180.  And, it shall apply to all documents produced by Defendants initially in redacted form in April 2010.  (*See* Doc. 175, Defendants' Notice of Manual Filing.)

## II.     Information and Documents Subject to this Order

1. It is anticipated that some information (a) conveyed by or contained in a document produced pursuant to Court Order or subpoenaed or (b) disclosed pursuant to a voluntary agreement among counsel, may include protected, confidential information.

2. Such protected confidential information covered by this Protective Order includes, but is not limited to, (i) the identities of institutionalized youth; (ii) any document that might otherwise constitute a waiver of the attorney-client privilege; (iii) any document that might otherwise constitute a waiver of the attorney work product doctrine; (iv) any document that might otherwise constitute a waiver of any other protection or privilege; (v) any document that might constitute a security risk; (vi) or any document that might include other personal, sensitive information to which the public would not ordinarily have access, including but not limited to, personnel files, names of youths, whether or not a Party to these actions, that may be protected from disclosure under Fed. R. Civ. P. 26(c), or any other statute or regulation restricting disclosure, when justice so requires.  The word "document"

means all documents and things subject to copying and inspection under Rule 34 of the Federal Rules of Civil Procedure.

3. Any Party or non-party that produces information as to which such Party or non-party has a reasonable good faith basis in law and fact to believe is of the type described in Paragraph 2, at the time of production, shall designate such information "confidential" to the full extent possible as permitted by the production time frame set by the Court. Information so designated (hereinafter "confidential information") shall thereafter be subject to the provisions of this Order. Such records will be for the Court's *in camera* inspection and Defendants' eyes, and Defendants' counsel's eyes, and Plaintiffs' counsel eyes only, to include any experts retained by any party or any staff working for any counsel of any party.

4. However, due to security concerns and concerns relating to the medical or mental health needs of any confined youth, no youth in the care and custody of the Ohio Department of Youth Services may review any documents or confidential information in unredacted form that are covered by this Protective Order. Instead, any documents or confidential information to be shown to any youth must be redacted as to all youth identifiers and may not include the review of any medical, mental health or rehabilitative records of any youth in any such document.

5. Such records or documents as are covered by this Order also shall be delivered by Defendants to chambers of this Court for *in camera* inspection in addition to being delivered to all counsel for the Parties in these actions.

4

6. Documents covered by this Protective Order, to include confidential information, as described in Order, shall, if in writing, be stamped on the face of the writing, or shall otherwise be clearly marked "confidential" or "confidential material." The stamp shall be affixed in such a manner that the written material is not obliterated or obscured.

7. Defendants must produce documents in response to the Court's June 14, 2010, Order. All documents produced under that Order are considered to be confidential for purposes of that production and any other purposes. Such documents are to be submitted to the Court's chambers for *in camera* inspection and review. Such documents are to be served by Defendants' counsel upon counsel for any Parties that sign the attached agreement to this Order. Such documents are protected from waiver of the attorney-client privilege; they are protected from waiver of the attorney work product doctrine; they are protected from waiver of any other protection or privilege; and they also are subject to a "claw back" provision, set forth below.

8. Documents produced pursuant to Plaintiffs' class counsel's agreement of confidentiality in the *S.H. v. Stickrath* litigation by Defendants also shall be subject to this Protective Order.

9. Should discovery ever be permitted in the remediation phase of this litigation regarding any documents covered by this Protective Order, any Party to these actions may designate as confidential information any deposition or portion thereof by making such designation on the record at the time of the deposition. If

no confidential designation is made during a deposition, the contents shall be treated as confidential under this Protective Order until fifteen (15) days after receipt of the transcript or twenty (20) days after the court reporter mails copies of the transcripts, whichever is longer.  Within that period, any Party wishing to designate all or any portion of the deposition transcript as confidential shall make the appropriate designation in writing and then serve that designation by mail upon the court reporter and counsel for all parties.  However, if no Party orders a copy of the transcript at the time of the deposition or within five (5) business days of the deposition, the contents of the deposition shall only be treated as confidential information for five (5) business days.

     10.    The designation of any material as "confidential" or "confidential material" also will render confidential any copies, excerpts, summaries, reports, disclosures, or other documents containing the substance or content of such material.

     11.    No Party waives any objections to the production or use of any confidential information by failing to mark or designate that information as confidential, or by failing to request that the producing party mark or designate that information as confidential.  For this term to apply, the objecting Party, upon notification of the possession by another Party or non-party of confidential information, shall inform all other Parties to this litigation that such Party is asserting the confidentiality of such documents, pursuant to the claw back provision

below.  Information already available in the public domain may not be deemed confidential by the Parties.

### III. Inadvertent Disclosure of Attorney-Client Privileged Documents or Attorney Work Product

12. Consistent with Fed. R. Civ. P. 26(b)(5)(B), a Party may seek the return (and/or destruction, as the case may be) of any document produced either *in camera* or to any other Party in response the Court's June 14, 2010, Order in these actions that the Party later claims should have been withheld on grounds of a privilege, including the work product doctrine (collectively referred to hereinafter as an "Inadvertently Produced Document").  A Party also may seek the return (and/or destruction, as the case may be) of any document produced by separate agreement between Defendants and Plaintiffs' class counsel in the *S.H. v. Stickrath* matter that the Party later claims should have been withheld on grounds of a privilege, including the work product doctrine.

13. A Party may request through counsel the return of any document that it inadvertently produced by identifying the Inadvertently Produced Document and stating the basis for withholding such document from production within ten (10) business days of actual discovery of the inadvertent production.  That request for a document's return shall be entitled a "Notice of Recall."  Once the Notice of Recall is given by the producing party, the receiving party, to include the Court, shall, within seven (7) business days of receiving the request, return all copies of the document and confirm in writing that all copies have been destroyed.  The producing party will send a replacement disk containing all non-privileged documents that were

contained on the original production disk.  Electronic copies of the Inadvertently Produced Document will be removed from the electronic system of the receiving party and any media used to deliver such Inadvertently Produced Document shall be returned to the producing party.

14. The producing party shall add the subject document to its Privilege Log and provide the updated Privilege Log to the receiving party. If the Inadvertently Produced Document requires redaction only, the producing party shall within thirty (30) days of the Notice of Recall, provide to the receiving party a redacted version of the document and an updated privilege log by submitting a replacement disk containing the original production with the redacted documents included.  The return of an Inadvertently Produced Document does not preclude a receiving party from disagreeing with the designation of the document as privileged or redacted and re-produced and bringing a Motion to Compel its production pursuant to the Federal Rules of Civil Procedure.

15. If the Notice of Recall is made during or in preparation for a deposition, the examining and defending counsel shall meet and confer at the earliest opportunity to determine appropriate steps under this circumstance and consistent with this Protective Order to return the document, redact the document or withdraw the claim of privilege.

16. Compliance by the producing party with the steps required by this Section to retrieve an Inadvertently Produced Document shall be sufficient,

notwithstanding any argument by a party to the contrary, to satisfy the reasonableness requirement of Fed. R. Evid. 502(b)(1), (2), and (3).

17. In the event of an inadvertent disclosure of confidential information without proper designation, the producing Party shall inform the receiving Party of the error. Once the producing Party informs any receiving Party of an inadvertent disclosure of confidential information, the producing Party shall provide within seven (7) business days a properly designated set of such confidential information to the receiving Party, which shall destroy copies of the improperly designated documents and certify such destruction to the producing Party. This provision shall apply as well to any copy of any protected document submitted to the Court for *in camera* review.

**IV. Persons Authorized to Receive "Confidential" Information**

18. Confidential information protected by this Protective Order may be disclosed only to:

> a. Parties and their counsel, but Parties may not keep copies after the resolution of the Court's Show Cause Order issued June 4, 2010, (Doc. 179), and no Youth may review such documents or confidential information unless all youth identifiers are redacted from such documents, and such Youth still may not see their own medical or mental health records;
>
> b. Members of the legal, paralegal, secretarial, and clerical staff of such counsel who are engaged in the preparation for and show cause hearing of this action;
>
> c. The Court in which this action is pending and persons associated with it, but filed or submitted to the Court under seal;
>
> d. Expert consultants, deponents, or witnesses, and their staff, but in the case of expert consultants, deponents, and witnesses, disclosure must be limited to that necessary for the development or understanding of testimony or evidence.

9

  e. Any person indicated on the face of the document as having written or received such document during the course of his or her employment or who testifies, prior to the disclosure, to having received or reviewed the document.

  f. Independent litigation support vendors (e.g. jury consultants, document management companies).

19. If counsel for any Party intends to disclose confidential information to any person described in the foregoing Paragraph 18, except sub-paragraph c, counsel for that Party shall require, prior to disclosure, that such person first read this Protective Order, agree to be bound by its terms and submit to the authority of this Court for enforcement of this Protective Order, and execute the Agreement attached hereto as Exhibit 1.  The signed Agreement shall be maintained by counsel until the conclusion of this action.

### V. Limitations on the Use of "Confidential" Information

20. While protected by this Protective Order, any document or information designated "confidential" or "confidential material" pursuant to the foregoing Paragraphs this Protective Order shall be held in confidence by each person to whom it is disclosed; shall be used by the person who receives such information only for the purposes of the show cause hearing identified in the Court's June 4, 2010, Order (Doc. 179); and shall not be used by the recipient of the information for the purposes of any other proceeding except for the show cause hearing identified in the Court's June 4, 2010, Order, (Doc. 179).

21. In the event that any discovery is permitted in the remediation phase of this set of settled class actions, any information or documents designated as "confidential" or "confidential material" as provided in any of the preceding

Paragraphs this Protective Order are used in depositions, the reporter shall be instructed that the portions of the depositions relating to such information as well as any confidential material or documents which are made exhibits, shall be retained under seal, and if such transcripts or portions of them are filed in connection with this proceeding or any subsequent appeal, shall be filed pursuant to this Protective Order as set forth in above with copies given only to counsel of record.  Only persons afforded access under the indicated Paragraph may be present at any non-court examination concerning confidential information.

22. Unless otherwise agreed in advance in writing by counsel for the Parties, in the event any Party to this action files with the Court any pleading, motion, exhibit, or other paper that appends, attaches, or discloses any confidential information, that document or confidential information shall be filed under seal and bear the following legend:

> THIS DOCUMENT IS FILED UNDER SEAL AND IS SUBJECT TO AN ORDER REGARDING CONFIDENTIAL INFORMATION ENTERED BY THE COURT IN THIS ACTION.

23. Within thirty (30) days following a final determination of this litigation, every person or party to whom confidential information has been furnished or produced shall destroy all copies, and provide the producing party with counsel's certification of that destruction.  This paragraph includes deposition exhibits, but not attorney notes.  This paragraph does not require any Party to return or destroy any information which was filed with the Court.

24. This Protective Order is entered for the purpose of protecting the confidentiality of documents and information indicated in this Protective Order. It is issued to protect any attorney-client privilege, work product protection or any other recognized privilege. It is issued to facilitate the exchange of documents and confidential information between the Parties to these actions and the Court. This Protective Order may be amended upon proper notice as need may rise by the mutual consent and agreement of counsel, subject to the ultimate approval of the Court, as provided below.

25. This Protective Order shall be without prejudice to the right of any Party or non-party to move for a separate protective or other discovery order as to any such particular document or information, to seek exemptions or restrictions differing from those specified herein, or to challenge the status of any information as being protected by Fed. Civ. R. 26(c), regardless of its designation as confidential information by a producing Party.

26. After the termination of this proceeding, this Protective Order shall continue to be binding upon the parties hereto, and upon all persons to whom confidential information has been disclosed or communicated, and the Court shall retain jurisdiction for enforcement of its provisions. Nothing in this Protective Order shall be construed as exempting or preventing the Court, its agents, or any party from compliance with the requirements of the Ohio Public Records Act, the Ohio Personal Information Act, or any other state, federal, or local law governing

access to or providing rights of access to any information, to the extent those laws may or do apply by their own terms.

## VI.    Modification and Dispute Resolution

27.    If any Party disputes the designation of any document as "confidential," that Party shall notify the producing party of the objections in writing.  The designating Party of the materials shall, within seven (7) business days of receipt of such notice, review the designated material sought to be reclassified, and notify the objecting party in writing whether or not it will agree to the reclassification requested.  Counsel shall attempt to resolve the dispute extra-judicially in good faith.

28.    If counsel for the Parties do not resolve a dispute extra-judicially, then the procedures set forth in Fed. R. Civ. P. 26(c) shall be followed by the party asserting confidentiality.

29.    If another court or a government entity or agency, or any other person or entity, subpoenas or orders production of any of the documents or information that a party has obtained under the terms of this Protective Order, such party shall promptly provide written notice to the Party or other person who produced the documents or information, and counsel for the other parties to this action of the pendency of such subpoenas or order as soon as reasonably possible, and, in any event, before the return date of the subpoena or order.  If written notice cannot be provided at least fourteen (14) days before the time for production or other disclosure, the party receiving the subpoena or order shall immediately, in addition

to the written notice, give notice by telephone to the party or person who produced the documents or information. In no event shall production or disclosure be made before notice is given. The purpose of this paragraph is to provide the party or person who produced the documents or information the opportunity to intervene at its own expense to object to the production of documents or information. This Protective Order shall not alter a party's or person's obligations to comply with subpoenas or orders of production to produce the documents or information made by a government entity or agency, or any other person or entity.

      30.    This Protective Order is subject to modification by the Court upon sufficient notice.

SO ORDERED.

| __June 24, 2010__ | ___s/Algenon L. Marbley_____ |
|---|---|
| Date | Judge Algenon L. Marbley |