IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| S.H., a minor child and all others similarly situated, *et al.*, : : : | |
| Plaintiffs, : : | Case No. 2:04-cv-1206 |
| v. : : | JUDGE ALGENON L. MARBLEY |
| HARVEY REED, : : | |
| Defendant. : | |

## ORDER

This Order terminates the temporary restraining order entered by this Court on October 12, 2011, and eliminates the need for the preliminary injunction hearing which was set for December 19, 2011, at 9:30 a.m. before this Court, (Doc. 281), and enters this stipulation and agreed injunction in its place. Pursuant to Fed. R. Civ. P. 65, the parties stipulate and agree that:

1. Defendant Reed and all DYS officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with said individuals shall be bound by this injunction;

2. Defendant Reed shall amend and implement as amended DYS Policy 301.05 and DYS Policy 301.14 consistent with the modified policies attached to this Order and incorporated herein;

3. Defendant Reed shall modify and amend any related policies, procedures, and training materials to conform to these policies;

4. Defendant Reed, for the purposes of the *S.H. v. Reed* and *U.S. v. Ohio* cases only and for no other litigation, acknowledges receipt of the "Special Inquiry Report," (Doc. 294) and will cooperate with both monitors and monitoring teams in *S.H. v. Reed* and *U.S. v. Ohio* to address the recommendations in that report;

5. Defendant Reed shall immediately inform the monitors in both *S.H. v. Reed* and *U.S. v. Ohio* matters, *S.H.* plaintiffs' counsel, and the Department of Justice as soon as there is any request of invitees to deploy at any DYS facility to assist with the management of allegedly resistant youth;

6. The parties agree that the basis for this Order satisfies the requirements of 18 U.S.C.A. § 3626(a)(1)(a);

7. The parties agree that the *S.H. v. Reed* and *U.S. v. Ohio* monitors shall monitor for compliance of this Order and these policies and the implementation of these policies in the various DYS facilities, but the *U.S. v. Ohio* monitors will only review and monitor implementation at the Scioto Juvenile Correctional Facility; and

8. This injunction shall expire when the *S.H.* stipulation expires.

This Order **MOOTS** the following motions: Plaintiffs' Motion for Emergency Injunction Prohibiting Use of Special Response Teams, (Doc. 277); Plaintiffs' Motion for Preliminary Injunction Regarding Use of Force and Memorandum in Support, (Doc. 287); Motion to File DVD Manually and Under Seal (Doc. 288); Petition for Writ Habeas Corpus Ad Testifcandum [*sic*] for Youth Witnessess [*sic*] Amound Richardson and Anthony Jeter, (Doc. 289); Joint

Motion for Stipulation and Agreed Injunction, (Doc. 295); and the United States' Motion of Qualified Support of the Parties' Joint Motion, (Doc. 296).

**IT IS SO ORDERED.**

<u>**s/Algenon L. Marbley**</u>
**United States District Court Judge**

**DATED:  December 16, 2011**

Motion for Stipulation and Agreed Injunction, (Doc. 295); and the United States' Motion of Qualified Support of the Parties' Joint Motion, (Doc. 296).

**IT IS SO ORDERED.**

<u>s/Algenon L. Marbley</u>
**United States District Court Judge**

**DATED:  December 16, 2011**